In re LEHMAN EQUIPMENT COMPANY PATENT INFRINGEMENT LITIGATION.

No. 141.

Judicial Panel on Multidistrict Litigation.

July 12, 1973.

Judicial Panel on Multidistrict Litigation did not transfer multidistrict actions concerning validity and enforceability of patent.

Order accordingly.

Courts ⚖=277.2
Federal Civil Procedure ⚖=9

Multidistrict actions concerning validity and enforceability of patent were not transferred to Southern District of Texas for coordinated or consolidated pretrial proceedings, where only actions remaining in the Southern District were actions which were against local distributors whom defendant manufacturers had agreed to indemnify and with respect to which stay of proceedings had been ordered pending final determination of litigation involving the manufacturers, and where motion for summary judgment by plaintiff in one of the only two active cases involving the patent was ripe for decision.

## OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

This patent litigation consists of six actions in three different districts concerning the validity and enforceability of the Lehman patent on rotary cultivators for cultivating crops. The patentee assigned the patent to Lehman Equipment Company, which in turn granted the Lilliston Corporation an exclusive license to manufacture and distribute the product. Lehman and Lilliston move the Panel for an order transferring the actions to the Southern District of Texas for coordinated or consolidated pretrial proceedings. All other parties oppose transfer. We find no basis for transfer under Section 1407 and accordingly deny the motion.

In 1972, Lilliston and Lehman instituted three infringement actions in the Southern District of Texas against International Harvester Co., John Deere Co. and Kelley Manufacturing Co. In all three cases the Texas distributor of each manufacturer was also named as a defendant. Plaintiffs' claims against International Harvester and John Deere, however, have been severed by the Texas court and transferred under 28 U.S.C. § 1404(a) to the Northern District of Illinois, where pursuant to the local rules of that court, they have been consolidated both for pretrial proceedings and trial. Plaintiffs' claims against Kelley Manufacturing were dismissed by the Texas court for lack of venue. Subsequent to the dismissal, Kelley Manufacturing brought a declaratory judgment action against Lilliston in the Eastern District of North Carolina seeking a declaration of invalidity and non-enforceability of the Lehman patent as well as a declaration of non-infringement.[1] As a result, the only actions remaining in the Southern District of Texas are three actions against the local distributors. And the defendant manufacturers have apparently agreed to indemnify distributors against any recovery plaintiffs might eventually obtain against them. In light of these facts, the Texas court has ordered a stay of proceedings in the district actions pending a final determination of the litigation involving the manufacturers.

Lehman and Lilliston contend transfer of all actions to a single district is necessary in order to avoid duplication of discovery on the common issue of patent validity. It appears, however, that there are only two active cases involving the Lehman patent, the Kelley Manufacturing in North Carolina and the consolidated action against International Harvester and John Deere in Illinois. In the North Carolina action, Kelley Manufacturing has conducted extensive discovery on the validity issue and has filed a summary judgment on the ground that the patent is void, invalid...

---

Soi
Lilliston Corp. and Lehman v. Brune Co.
Lilliston Corp. and Lehman v. Martin Implement Co., et al.
Lilliston Corp. and Lehman v. Mfg. Co., et al.

No.
Lilliston Corp. and Lehman v. International Harvester Co.
Lilliston Corp. and Lehman v. Deere Co.

Eastern
Kelley Mfg. Co. v. Lilliston

---

* Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. Kelley has also asserted allegations of unfair competition and antitrust violations relating to the Lehman patent and charged Lilliston with infringing a Kelley patent on peanut harvesting equipment.

IN RE LEHMAN EQUIPMENT CO. PATENT INFRINGEMENT LIT.   1463
Cite as 300 F.Supp. 1402 (1973)

...at them. In light of these developments, the Texas court has ordered a ... of proceedings in the distributor ... pending a final determination of ...tigation involving the manufactur-

...hman and Lilliston contend that ...fer of all actions to a single dis... is necessary in order to avoid duplic... of discovery on the common issue ...tent validity. It appears, however, ... there are only two active cases in... ...ing the Lehman patent, the action by ...ey Manufacturing in North Caro... and the consolidated action against ...rnational Harvester and John Deere Illinois. In the North Carolina ac..., Kelley Manufacturing has complet... extensive discovery on the patent va...ity issue and has filed a motion for ...mary judgment on the ground that ... patent is void, invalid and unen-

forceable. Since we are advised that that motion is ripe for decision, we are not convinced that transfer of these actions for coordinated or consolidated pretrial proceedings at this time will serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Furthermore, if the North Carolina court grants the motion for summary judgment, holding the Lehman patent invalid, the application of the estoppel rule of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), could eliminate any need for further discovery or trial concerning the validity of the Lehman patent.

It is therefore ordered that the motion for transfer of the actions listed on the attached Schedule A be, and the same hereby is, denied.

### SCHEDULE A

#### Southern District of Texas

| | |
|---|---|
| Lilliston Corp. and Lehman Equipment Co. v. Allen Brune Co. | Civil Action No. 72-B-85 |
| Lilliston Corp. and Lehman Equipment Co. v. Weaks Martin Implement Co., Inc. | Civil Action No. 72-B-84 |
| Lilliston Corp. and Lehman Equipment Co. v. Kelley Mfg. Co., et al. | Civil Action No. 72-B-113 |

#### Northern District of Illinois

| | |
|---|---|
| Lilliston Corp. and Lehman Equipment Co. v. International Harvester Co. | Civil Action No. 73C686 |
| Lilliston Corp. and Lehman Equipment Co. v. John Deere Co. | Civil Action No. 73C638 |

#### Eastern District of North Carolina

| | |
|---|---|
| Kelley Mfg. Co. v. Lilliston Corp. | Civil Action No. 1295 |